UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WARREN OLIVER,**

    **Petitioner,**

v.                                      **CASE NO. 6:11-cv-283-Orl-35KRS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

This case is before the Court on Respondents' Motion to Dismiss Successive Petition (Doc. No. 10, filed July 26, 2011).

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254; however, Petitioner previously filed Case No. 3:05-cv-230-J-32MMH, which was dismissed with prejudice on December 12, 2005. Thus, the present habeas petition is a second or successive application. Before Petitioner is permitted to file a second or successive habeas corpus application in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Consequently, this case is dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus

petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss Successive Petition (Doc. No. 10, filed July 26, 2011) is **GRANTED** in that this case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida, this 26th day of August

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 8/26
Counsel of Record
Warren Oliver